IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PHIEU VAN NGUYEN,<br><br>Defendant. | 8:23-CR-238<br><br>ORDER |

    This matter is before the Court on the defendant's Motion for Early Termination of Supervised Release. Filing 6. The defendant—who is now represented by counsel—previously submitted an unsigned *pro se* Motion, Filing 3, which the Court ordered him to resubmit or have stricken pursuant to Federal Rule of Criminal Procedure 49(b)(4), Filing 4. The Court noted in its previous order its reluctance to interfere with the final judgment previously imposed against the defendant, noting that on November 24, 2008, the defendant was sentenced to 240 months in prison to be followed by a three-year term of supervised release for engaging in a continuing criminal enterprise in violation of 21 U.S.C § 848. *See* Filing 1 at 19. The Court further noted that the defendant received the statutory minimum term of incarceration for this crime, *see* 18 U.S.C § 848(a), and stated that under these circumstances, early termination of supervised release is unlikely. Filing 4.

    In the defendant's most recent Motion, the defendant notes that he was "a nonviolent, first-time offender, who has, to the best of his ability, assimilated back into society." Filing 6 at 2 (¶ 10). He further notes his advanced age (70 years old), his employment, and his community activity

1

which includes volunteer service. Filing 6 at 1–2 (¶¶ 6–8). The defendant explains that he wishes to visit Vietnam to reconnect with his brother, and that his Motion is endorsed by his probation officer. Filing 6 at 2 (¶¶ 9–10). The defendant's period of supervision began in November 2023 and is set to expire in November 2026. Filing 10 at 2. The Government opposes the defendant's Motion, arguing that "the relevant 18 U.S.C. § 3553(a) factors do not indicate early termination of supervised release is appropriate here," citing the seriousness of the defendant's crime and sentence. Filing 10 at 4.[1]

The Eighth Circuit has explained that, under 18 U.S.C § 3583(e), the Court may summarily deny a motion "to terminate a supervised-release term or modify the supervised-release conditions" and is "not required 'to explain its denial of early termination of supervised release.'" *United States v. Norris*, 62 F.4th 441, 451 (8th Cir. 2023), *cert. denied*, 144 S. Ct. 546, 217 L. Ed. 2d 291 (2024) (quoting *United States v. Mosby*, 719 F.3d 925, 930 (8th Cir. 2013)). The Eighth Circuit stated, "Neither 18 U.S.C. § 3583(e) nor relevant case law required the district court to explain its denial of early termination of supervised release." *Id*. Thus, the defendant's Motion is summarily denied.

However, the Court will also explain its reasoning as an alternative basis for denying the defendant's Motion. Early termination of supervised release is only appropriate if, after "considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4),

---

[1] The Government also argues that the defendant's Motion, which was filed on October 23, 2024, was premature because it was submitted within the first year of the defendant's term of supervised release, which began on November 15, 2023. Filing 10 at 2. 18 U.S.C § 3583(e) provides that early termination is only available "any time after the expiration of one year of supervised release." Notably, the Government filed its response on November 13, 2024, after it requested and received an extension. *See generally* Filing 10. Because the defendant is now in the second year of his term of supervised release, the Court will consider the defendant's Motion on its merits as a timely motion.

(a)(5), (a)(6), and (a)(7)," the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C § 3583(e).

Here, the relevant § 3553(a) factors the Court must consider under 18 U.S.C § 3583(e) when deciding this motion do not support early termination of supervised release. Under 18 U.S.C. § 3553(a)(1), the Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant." Regarding the defendant's offense, he was convicted under 21 U.S.C § 848—a drug trafficking offense commonly referred to as "the drug kingpin statute," *see United States v. Walker*, 114 F.4th 894, 896 (7th Cir. 2024). The defendant was found guilty of operating a continuing criminal drug enterprise and of several money laundering counts. Filing 1 at 36 (Indictment); 35 (Judgment). As noted by the Government, "the jury found the defendant acted 'in concert' with five or more other persons, and that he acted as the 'organizer,' 'supervisor,' or 'manager' of those five participants." Filing 10 at 2. Regarding the defendant's "history and characteristics," the Court appreciates the defendant's good behavior in prison and on supervised release but agrees with the government that the defendant has ultimately "done nothing more than what has been required of him." Filing 10 at 5. Thus, the defendant's leadership role in a large-scale drug operation weighs against granting early termination of his supervised release, and his post-conviction behavior does not alter this analysis.

Moreover, under 18 U.S.C § 3553(a)(2)(B)–(C), the Court must consider "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant." Considering that the defendant has already enjoyed tremendous leniency in his sentencing, early termination of the defendant's supervised release would not further these goals. The defendant received a mandatory-minimum sentence of twenty

3

years incarceration, followed by a modest three-year term of supervised release, which was far below the defendant's guideline range of incarceration of 360 months to life. Filing 10 at 2. In addition, the defendant served nowhere near a full twenty years of imprisonment. *See* Filing 6 (indicating that the defendant "was discharged early" in 2023 after he was indicted in 2007 and found guilty in 2008). Congress in an exercise of its legislative function determined that violators of the so-called "drug kingpin statute" should receive at least a twenty-year term of incarceration. In other words, Congress determined that twenty years or more of incarceration for the defendant's conduct was necessary "to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant." 18 U.S.C § 3553(a)(2)(B)–(C). Given that the defendant's conviction in this case was considerably more recent than twenty years ago, further reducing the defendant's sentence by terminating his supervised release early is not in "the interest of justice." 18 U.S.C § 3583(e).

Finally, under 18 U.S.C. § 3553(a)(6), the Court must consider whether terminating the defendant's term of supervised release early is consistent with "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The defendant was convicted by a jury of his peers under the notorious "drug kingpin statute," yet the Court is cognizant that some defendants are convicted for lesser roles in drug-related conduct and receive sentences that are as harsh or harsher than the defendant in this case received. Reducing this defendant's sentence further by allowing early termination of his supervised release would worsen rather than remedy unjust sentencing disparities.

The Court has also considered the remaining applicable § 3553(a) factors and finds that these factors do not favor early termination of the defendant's supervised release, either. Having

evaluated the pertinent factors under 18 U.S.C § 3583(e), the Court concludes that these factors weigh against reducing the defendant's sentence by modifying his term of supervised release. Accordingly,

IT IS ORDERED:

1. The defendant's *pro se* Motion for Early Termination of Supervised Release, Filing 3, is denied as moot in light of the defendant's subsequent Motion for Early Termination of Supervised Release submitted by counsel; and

2. The defendant's subsequent Motion for Early Termination of Supervised Release, Filing 6, is denied.

Dated this 21st day of November, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge